IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02848–WDM–KMT

RICK GROSVENOR, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
QWEST SERVICES CORPORATION, a Colorado corporation,
QWEST CORPORATION, a Colorado corporation,
QWEST COMMUNICATIONS CORPORATION, a Delaware corporation, and
QWEST BROADBANK SERVICES, INC., a Delaware corporation,

    Defendants.

---

# ORDER

---

This matter is before the court on Defendants' "Unopposed Motion to Stay Discovery" (Doc. No. 41, filed Mar. 29, 2010). Defendants seek a stay of discovery until at least May 25, 2010, whereupon a Status Report is due from the parties, or until the district court resolves Defendants' "Motion to Compel Arbitration" (Doc. No. 13, filed Dec. 29, 2009).

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United* States, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Federal Rule of Civil Procedure 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1). Specifically, this court has found that subjecting a party to discovery when a motion to dismiss based on a jurisdictional defense is pending would subject him to undue burden or expense if the motion to dismiss is later granted. *String Cheese Incident,* 2006 WL 894955, at *2 (defense of lack of personal jurisdiction). When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*; *see also*, *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987). Indeed, a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994); *Vivid Techs., Inc. v.. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here.  First, as Defendants' Motion is unopposed, Plaintiff ostensibly does not desire to proceed with its case until after it is determined whether the case is subject to arbitration.  Second, while the ordinary burdens associated with litigating a case do not constitute an undue burden, the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on Defendants.  *Stone v. Vail Resorts Dev. Co.,* 09–cv–02081–WYD–KLM*,* 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010). Altogether, it is in both parties' interests to save expenses while the initial determination of whether this case is subject to arbitration is considered by the district court.

The Court also considers its own convenience, the interests of non-parties, and the public interest in general.  None of these factors prompt the court to reach a different result.  The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation— where, as here, a dispositive motion is pending.  *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const.* Co., Inc., 2008 WL 1925100, at *2 (D. Colo. 2008); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").  Finally, the parties have not asserted, and the court otherwise does not find, any compelling nonparty or public interests that would be affected if a stay were granted.

Balancing the five factors considered above, the court finds that a stay of proceedings is appropriate until the district court rules on Defendant's "Motion to Compel Arbitration" is resolved by the district court.

Therefore, it is

**ORDERED** that Defendant's "Unopposed Motion to Stay Discovery" is GRANTED. All discovery is stayed pending the district court's resolution of Defendant's "Motion to Compel Arbitration." The order requiring the parties to file a status report on May 25, 2010, is VACATED. The parties shall file a status report within five days of the order on the motion to compel arbitration to advise whether a scheduling conference should be set.

Dated this 1st day of April, 2010

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge