IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-2848-WDM-KMT

RICK GROSVENOR, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
QWESET SERVICES CORPORATION, a Colorado corporation,
QWEST CORPORATION, a Colorado corporation,
QWEST COMMUNICATIONS CORPORATION, a Delaware corporation, and
QWEST BROADBAND SERVICES, INC., a Delaware corporation.

    Defendants.

## ORDER

Miller, J.

    This case comes before me on Defendants' Motion to Strike the Declaration of Deborah Toms (ECF No. 33). Having reviewed the motion and briefs and being fully advised in the premises therein, I grant the motion and strike the Declaration of Deborah Toms (ECF No. 26-20) and the exhibits thereto (ECF Nos. 26-21 & 26–22).

## BACKGROUND

    In support of his Opposition to Defendants' Motion to Compel Arbitration (ECF No. 26), Grosvenor has submitted the Declaration of Toms and its exhibits. Ms. Toms is a legal assistant employed by the plaintiff's counsel. *Id.* at ¶ 1. She ran and reviewed an Internet search concerning "Qwest, its services and its customers' satisfaction, or lack thereof." *Id.* at ¶ 2. The declaration provides two exhibits that contain comments

from Internet "gripe sites" (Ex. A to Toms Decl.; ECF No. 26-21) and a report from a Better Business Bureau posted on the Internet (Ex. B to Toms Decl., ECF No. 26-22).

DISCUSSION

Qwest argues that the statements from the gripe sites are hearsay and irrelevant to the Motion to Compel Arbitration. *See* Motion to Compel Arbitration, ECF No. 13. Grosvenor claims that the statements contained in Exhibit A are not offered for the truth of the matter asserted but to show that other consumers are complaining about Qwest's billing practices and that Grosvenor is not alone in his complaints about Price for Life Guarantee Program. *See* Plaintiff's Opposition to Motion to Strike the Declaration of Deborah Toms ("Opposition"), Part II at 3, ECF No. 43. Exhibit A contains numerous complaints about the exact issue in this case—Qwest's billing for Price for Life. These statements are not relevant to the issue presented by Qwest's Motion to Compel Arbitration, which is, whether Grosvenor, individually, is subject to Qwest's arbitration clause. Other consumers' experiences—or the fact that they have posted a complaint about them on the Internet—do not make the existence of any fact that is of consequence here any more or less probable than it would be without the postings. *See* Fed. R. Evid. 401.

Exhibit B is a Better Business Bureau ("BBB") report on an unnamed company. Based on the exhibit, I cannot confirm the company that is the subject of the report or the service to which the BBB report refers. In addition, the report is hearsay, it does not fit within any other Rule 803 exception, and it does not fit within Rule 801(d). In particular, it does not fall within the most likely exception of the Records of Regularly Conducted Activity (Fed. R. Evid. 803(6)) because there is no supporting testimony of

2

the custodian of the report or another qualified witness that the report was kept or created in the course of regularly conducted business activity.  *See id.*

In addition to being hearsay, the probative value of the contents of both exhibits is outweighed by the danger of unfair prejudice and confusion.  Fed. R. Evid. 403.

Accordingly, it is ORDERED that Defendants' Motion to Strike the Declaration of Deborah Toms (ECF No. 33) is GRANTED.

DATED at Denver, Colorado on September 30, 2010

BY THE COURT:

_____
s/ Walker D. Miller
United States Senior District Judge