**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| RICK GROSVENOR,<br><br>      Plaintiff,<br><br>v.<br><br>QWEST COMMUNICATIONS INTERNATIONAL, INC., etc., et al.,<br><br>      Defendants | Case No. 09-cv-02848-WDM-KMT<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

## I. STIPULATION AND MOTION

The discovery procedures in this case may require disclosure of information, either documentary, testimonial, or tangible, regarded by the producing Party as confidential by virtue of its incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the Parties (sometimes referred to herein as the "Parties" or separately as a "Party"), by and through their respective attorneys, stipulate to and hereby move the Court to enter the following Protective Order, which shall apply to the above-captioned civil action ("this action" or "the Dispute"):

    1.    The Parties may designate as "Confidential" material or information ("Discovery Material") produced in response to the Discovery Requests that they believe in good faith, or have been reasonably advised, contains confidential or proprietary information. Any Confidential material may be designated by the producing party as such by marking every such page "Confidential," or by informing the party to whom the material is provided,

1

in writing, that such material is Confidential. Such markings should not obliterate or obscure the content of the material that is produced.

2. Confidential material shall not be used by any person, other than the producing party, for any purpose other than conducting this litigation, and in no event shall such information be used for any business, competitive, personal, private, public, or other purpose. If such information is properly obtained independently, however, it may be used for any reason in any future proceeding or litigation.

3. Confidential material may be disclosed in response to a lawful subpoena, but only if notice and a copy of the subpoena are provided to the Producing Party by facsimile transmission or overnight mail at least 5 business days in advance of such anticipated disclosure or, if the subpoena requires production of such documents in less than 5 days, as soon as reasonably possible. Should the person seeking access to Confidential material take action against the Receiving Party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond, at a minimum, by setting forth the existence of this Stipulated Protective Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of Confidential material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

4. Discovery material designated "Confidential" shall be limited to material that contains non-public competitively sensitive commercial information, including, but not limited to, trade secrets or other confidential research, development, commercial, or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the cases so construing them.

5. The Parties anticipate that in the course of this action they may disclose, produce and use information designated as Confidential in *Vernon v. Qwest Communications International, Inc. et al*, C.A. No. 09-cv-01840-WYD-CBS ("Vernon Action"). The Parties agree that disclosure, production or use of materials designated as Confidential in the Vernon Action shall not affect the materials' Confidential status in the Vernon Action and such materials shall also be subject to the terms of this Protective Order.

6. Access to information designated Confidential pursuant to this Order shall be limited to:

(a) outside counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation;

(b) outside photocopying, data processing or graphic production services employed by the Parties or their counsel to assist in this litigation;

(c) any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for the purposes of consulting, and/or testifying in this litigation;

(d) any person who authored or received the particular material sought to be disclosed to that person or who is a current employee of the producing party;

(e) any other person not otherwise described in paragraph 6 who during their testimony in this matter, either at deposition or trial, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the content of the Confidential material sought to be disclosed to that person;

(f) The United States District Court for the District of Colorado; including clerks and other personnel of the Courts (including court reporters);

    (g) any other person to whom the party producing the Confidential Information agrees to in advance of the disclosure;

    (h) Parties (including the officers, directors, or employees of a Party;

    (i) Any mediator and his or her staff; and

    (j) Potential fact witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound by this Protective Order.

  7. Confidential material, or copies thereof, and the information contained therein, shall not be given, shown, made available to or communicated in any way to anyone but those provided for in paragraph 6.

  8. Should "Confidential" material be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Stipulated Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of such Confidential material; (b) promptly inform such person of all provisions of this Stipulated Protective Order; (c) identify such person immediately in writing to the party that designated the Confidential material; and (d) request such person sign an UNDERTAKING in the form attached hereto as Exhibit 1.  The executed UNDERTAKING shall promptly be served upon counsel of record for the Party that designated the Confidential material.  Execution of an UNDERTAKING under such circumstances shall in no way serve to convert the person signing such UNDERTAKING into a qualified person pursuant to paragraph 6 of this Stipulated Protective Order.

  9. Counsel for a Producing Party may redact specific material that the Producing Party believes, in good faith, is subject to the attorney-client privilege, work product immunity, or other legally cognizable privilege or immunity.  The deletion of all material redacted shall be clearly indicated by visibly marking the document with the word "REDACTED" or with a solid black line where material has been deleted.  Within twenty

(20) days of the production of redacted material, the Producing Party shall provide a privilege log that sets forth the author, recipient, date, subject matter, and the basis for the redaction. Both parties reserve the right to challenge any redactions made by the Producing Party.

10. Within thirty (30) days after receiving a deposition transcript, each Party shall inform (by specific page and line reference) the other Parties of the portions of the transcript to be designated Confidential Information. Unless otherwise agreed to by the Parties, the right to make such designation shall be waived unless made within that thirty (30) day period. Prior to such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Information. Transcripts of testimony, or portions thereof, containing Confidential Information shall be filed only under seal, as described in paragraph 11, unless the Court permits otherwise.

11. Any Party wishing to file under seal a document constituting or containing Confidential Information shall follow the procedure and meet the standards set forth in D.C.COLO.LCivR. 7.2. Whenever possible, the Parties will cooperate with one another to produce redacted versions of documents or tangible items that may be offered to the Court in lieu of originals.

12. Nothing in this Stipulated Protective Order shall preclude any party representative(s), including but not limited to persons identified under Paragraph 6 of this Stipulated Protective Order, from either side from attending a deposition. If and when any Confidential information is disclosed in deposition, and provided that such party representative(s) do(es) not have authority to view such information under this Stipulated Protective Order, the party representative shall leave the deposition for as long as the Confidential information is being discussed.

13. Acceptance by a Party of any information, document, or item designated as Confidential shall not constitute a concession that the information, document, or thing is in fact Confidential Information as defined by this Protective Order. Either Party may contest a claim of confidentiality. If the receiving Party disagrees with the designation of any material as Confidential, the Receiving Party shall request, in writing, that the designation be changed by the Producing Party. The requested change shall occur unless, within ten (10) calendar days after service of such notice, an objection for good cause is served on the Party requesting removal of the Confidential information designation. If agreement cannot be reached between counsel, the dispute may be presented by the Designating Party to the Court by motion or otherwise. The burden of establishing confidentiality shall be on the Designating Party.

14. Except as set forth above, the failure of any party to challenge a designation of Discovery Material as Confidential during the discovery period shall not be a waiver of that party's right to object to the designation of such material at any hearing or at trial.

15. Nothing herein shall be construed (a) as preventing any Party from using or continuing to use any information that, at the time of the disclosure, is publicly known through no unauthorized act of such Party, or (b) as preventing a party from using or continuing to use any information or material known or used by it if such information was lawfully obtained by the Party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the burden shall be upon the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

16. Notwithstanding the parties' designation of Confidential documents, testimony or information, any Court hearing or trial that refers to or describes Confidential documents, testimony or information may be held in open court with records unsealed, provided the

Producing Party is afforded reasonable notice of the Receiving Party's intent to disclose such documents, testimony or information in open court, so that the confidentiality of such documents, testimony or information can be protected.  To the extent that any Party wishes to use Confidential material at a hearing or at trial, the Parties shall meet and confer in good faith to discuss ways to redact the Confidential material so that the material may be offered or otherwise used by any Party.  If the Parties are unable to resolve a dispute involving such redaction within seven (7) days of such conference or prior to any hearing or the trial preparation conference with the Court, any Party may then move the Court to resolve this dispute.  Any party may request or the Court may order that the portion of such proceeding where use thereof is to be made be held in camera with access thereto limited to qualified persons under this Stipulated Protective Order. To the extent that the Court grants any such request, such Confidential information shall continue to be treated in accordance with the terms of this Stipulated Protective Order.

17. (a) The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as containing Confidential information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information.  Upon notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently disclosed documents or information, without prejudice.

(b) If a Producing Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, such production shall not be deemed a waiver, and the Producing Party may give written notice to all Receiving Parties that the document or information so produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice,

all Receiving Parties shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the Producing Party or certify in writing the destruction thereof. Return of such documents or information to the Producing Party shall not preclude any Receiving Party from later moving to compel production of the returned documents or information.

18. When a Party produces files and records for inspection, no marking need be made in advance of the inspection. For purposes of the initial inspection, all documents in any produced files shall be considered marked as Confidential. Thereafter, upon selection of specified documents for copying and by the inspecting party, the Producing Party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

19. Making documents or other information available for inspection shall not, by itself, constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to a Receiving Party without designating such as Confidential information shall constitute waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the Producing Party and such inadvertence or mistake is thereafter brought to the attention of the Receiving Party promptly after discovery by the Producing Party. Upon such notice, the Receiving Party shall, at the election of the Producing Party, re-mark the documents and things with the appropriate level of confidentiality or return said documents and things and not retain copies thereof for replacement by appropriately marked documents and things. Any summaries or notes of the inadvertently produced documents or things shall be treated as Confidential information, as designated by the Producing Party.

20. The terms of this Stipulated Protective Order shall be applicable to any third party that consents to be bound by such terms.

21.     Within 60 days of the conclusion of this Dispute including all appeals as to all parties, all Confidential material, and all copies or notes thereof, shall be returned to counsel for the respective Parties, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Stipulated Protective Order.  If a person in possession of Confidential material chooses to destroy documents after the matter has concluded, that person shall certify such destruction in writing to opposing counsel upon written request for such certification by such counsel.

22.     The parties acknowledge that the Defendants and Plaintiffs may make certain discovery material available prior to the entry of this Stipulated Protective Order and that any material previously produced in discovery may be designated in writing by the producing party as Confidential pursuant to this Order within 30 days from the date of entry of this order.

23.     The provisions of this Stipulated Protective Order shall survive the final termination of this Dispute.

24.     Nothing in this Stipulated Protective Order shall prevent any Party from applying to the Court for additional protection, for example, for particularly highly sensitive materials or information, such as technical, planning, manufacturing, marketing, and research and development materials and information relating to product development, that the Producing Party believes require such protection.

25.     Nothing in this Stipulated Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other Party of the first Party's obligation to make proper response to discovery requests.

26. Nothing in this Stipulated Protective Order shall be construed as a waiver by any Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

27. It is not the intent of the Parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Confidential information pursuant to this Stipulated Protective Order should thereby be disqualified from other representations adverse to the Producing Party solely because of such knowledge or access.

28. Any Party may, on motion for good cause shown, seek a modification of this Stipulated Protective Order. No modification of this Stipulated Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by The Court.

DATED this 9th day of February, 2011.

**BROWNSTEIN HYATT FARBER SHRECK, LLP**

By: *s/ Zhonette M. Brown*
  Timothy R. Beyer
  Peter J. Korneffel
  Zhonette M. Brown
  Kathryn R. Rothman
  410 17th St., Suite 2200
  Denver, Colorado 80202
  Telephone: (303) 223-1100
  Facsimile: (303) 223-1111

  *Counsel for Defendants*

**TERRELL MARSHALL & DAUDT PLLC**

By: *s/ Kimberlee L. Gunning*
  Beth E. Terrell
  Toby James Marshall
  Kimberlee L. Gunning
  3600 Fremont Avenue North
  Seattle, WA 98103
  Fax: 206-350-3528

        **DYER & BERENS LLP**
           Jeffrey A. Berens,
           Darby K. Kenney
           303 East 17th Avenue, Suite 300
           Denver, CO  80203

        **SPRENGER & LANG PLLC**
           Michael D. Lieder, D.C. Bar 444273
           1400 Eye Street NW, Suite 500
           Washington, DC  20005
           Fax:  202-332-6652

*Counsel for Plaintiff*

## II.  ORDER

Based on the above stipulation, IT IS SO ORDERED.

Dated this 9th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

11

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| RICK GROSVENOR,<br><br>   Plaintiff,<br><br>v.<br><br>QWEST COMMUNICATIONS<br>INTERNATIONAL, INC., etc., et al.,<br><br>   Defendants | Case No. 09-cv-02848-WDM-KMT<br><br>**UNDERTAKING:** |

I, _____, declare that my address is _____

_____.

   My employer is _____.

   My current occupation is _____.

   1.   I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand the provisions of the Stipulated Protective Order.

   2.   I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any "Confidential" information that is disclosed to me.

   3.   Promptly upon termination of this action, I will return all "Confidential" materials that came into my possession, and all documents and things that I have prepared

relating thereto, to the outside attorney for the party by whom I am employed or retained, or who noticed my deposition.

   4.  I hereby submit to jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

   I declare that under penalty or perjury that the foregoing is true and correct.

   Dated:_____  Signed:_____

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2011, I electronically filed the foregoing **STIPULATED MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Jeffrey A. Berens <br> Darby K. Kennedy <br> DYER & BERENS, LLP <br> 303 East 17th Avenue, Suite 300 <br> Denver, CO  80203 <br> jeff@dyerberens.com <br> darby@dyerberens.com <br><br> Michael D. Lieder <br> Sprenger + Lang, PLLC <br> 1400 Eye Street, N.W., Suite 500 <br> Washington, DC 20005 <br> mlieder@sprengerlang.com | Beth E. Terrell <br> Toby J. Marshall <br> Kimberlee L. Gunning <br> Terrell Marshall & Daudt, PLLC <br> 3600 Fremont Avenue North <br> Seattle, WA  98103 <br> bterrell@tmdlegal.com <br> tmarshall@tmdlegal.com <br> kgunning@tmdlegal.com |

  s/ *Cynthia A. Smith* <br>
Cynthia A. Smith